(Reap. Dec. 10216)

JAPAN AMERICA TRADING AGENCY, INC. *v.* UNITED STATES

Entry No. DE–26239, etc.

(Decided March 29, 1962)

*Stein & Shostak* for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A", hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that on or about the dates of exportation to the United States of the footwear (tabis, etc.) covered by the Yasuda & Co. invoices and entries the subject of the Appeals for Reappraisement enumerated in the Schedule of Cases attached hereto and made a part hereof, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States was the ex factory unit values as invoiced plus the f.o.b. charges, but not including the buying commission.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement enumerated in the attached Schedule are limited to Yasuda & Co. invoices and abandoned in all other respects.

IT IS FURTHER STIPULATED AND AGREED that there were no higher foreign values for merchandise such as or similar to the merchandise covered by the Appeals for Reappraisement enumerated in the attached Schedule of Cases on the dates of exportation thereof to the United States.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement enumerated in the attached Schedule of Cases may be submitted on the foregoing stipulation, and the record thus made.

On the agreed facts, I find that the proper basis for appraisement of the footwear (tabis, etc.), covered by the invoices and entries of Yasuda & Co., is export value, as defined in section 402(d) of the Tariff Act of 1930 and that such statutory value for the said merchandise is the ex-factory unit values, as invoiced, plus the f.o.b. charges, but not including the buying commission.

As to all other merchandise included on the invoices covered by the entries involved in these appeals for reappraisement, the appeals are dismissed.

Judgment will be rendered accordingly.